IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SATYAJIT SANYAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    1:14cv960 (JCC/TCB) |
| | ) |
| TOYOTA MOTOR NORTH AMERICA, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Toyota

Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc.,

Toyota Motor Manufacturing California, Inc., Toyota

Manufacturing Kentucky, Inc., and Toyota Motor Engineering &

Manufacturing North America, Inc.'s ("Defendants") Motion for a

More Definite Statement [Dkt. 8] and accompanying Memorandum in

Support [Dkt. 9].  For the following reasons, the Court will

grant Defendants' Motion.

**I.   Background**

On July 10, 2012 Satyajit Sanyal ("Plaintiff" or

"Sanyal") was driving to work in his Toyota Camry when he

crashed head-on into a tree.  (Notice of Removal [Dkt. 1], Ex. 1

[hereinafter Compl.] ¶ 7.)  The front end of the Camry was

significantly damaged, but the airbags had not deployed.  (*Id.* ¶

1

8(c).)  Sanyal was transported by ambulance to Reston Hospital,
where he was admitted to the Critical Care Unit for two days
before his release on July 12, 2012.  (*Id.* ¶¶ 8(j), 9.)

Sanyal alleges that he "faced life-threatening and
permanent physical and personal injuries in this incident due to
failure in development of any of the driver side airbags despite
the significant damaging impact and strong forces involved[.]"
(*Id.* ¶ 7.)  As a "direct and proximate result" of the failure of
the airbags to deploy, Sanyal alleges that he suffered "serious
and permanent head injuries [sic] aggravating Seizure
activities[.]"  (*Id.* ¶ 13.)  He is now "dependent on costly
prescription medications" and "has to undergo costly diagnostic
testing such as EEG and CT Scans, preventative care and medical
treatment for life-time or till [sic] cured."  (*Id.* ¶ 13.)  As a
result of his injuries, Sanyal alleges that he has had to work
at reduced wages and is unable to meet many of his financial
obligations.  (*Id.*  ¶ 17.)  He also contends he is in the
process of looking for a new job, as his injuries do not permit
him to continue working in his previous position as an
information technology professional.  (*Id.* ¶¶ 14, 16.)

Sanyal originally filed this action on July 30, 2014
in the Circuit Court for Fairfax County.  (Notice of Removal
[Dkt. 1] ¶ 1.)  He seeks damages for:

> (a) Medical, diagnostic testing and related expenses, past, present and future.
>
> (b) Lost wages in past, continuing and future [sic].
>
> (c) Permanent loss of wage earning capacity equivalent to time of incident in 2012.
>
> (d) Physical pain and emotional suffering.
>
> (e) Permanent damage to health and the resulting anguish, hardship and expenses.
>
> (f) Future life care, assisted living and transportation expenses.
>
> (g) Other damages as allowed.

(Compl. ¶ 23.)   In total, he is requesting $5,000,000.00 in damages.   (*Id.* ¶ 27.)   The complaint does not specifically detail any causes of action.

Defendants removed to this Court shortly after service on the basis of diversity jurisdiction.   (Notice of Removal ¶¶ 2-17.)   Defendants then filed the instant motion, seeking to have the Court order Sanyal to amend his complaint so that it "(1) identifies with particularity whether the Defendants breached any duty(ies) allegedly owed to Plaintiff or breached any alleged warranty(ies); and (2) specifies which of the five Defendants named in the Complaint owed which alleged duty(ies) or breached which alleged warranty(ies)."   (Defs.' Mem. in Supp.[Dkt. 9] at 5.)

Defendants have waived oral argument on this motion. Having been fully briefed, Defendants' motion is now before the Court.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(e) allows a party to move "for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Motions for a more definite statement are "designed to strike at unintelligibility rather than simple want of detail." *Khair v. Countrywide Home Loans, Inc.*, No. 1:10cv410, 2010 WL 2486430, at *2 (E.D. Va. June 14, 2010) (citations omitted) (internal quotation marks omitted).  "Such a motion is not a substitute for the discovery process, and where the information sought by the movant is available or properly sought through discovery, the motion should be denied." *Frederick v. Koziol*, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990) (citations omitted).

A Rule 12(e) motion must be made before any responsive pleading is filed and "must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).

## III.   Analysis

Mindful of Federal Rule of Civil Procedure 8(e)'s mandate to construe pleadings so as to do justice and the fact

4

that Sanyal is proceeding *pro se*, the Court considers Sanyal's

complaint.

Rule 8 requires a pleading to contain "a short and

plain statement of the claim showing the pleader is entitled to

relief."[1]  Fed. R. Civ. P. 8(a)(2).  This requirement means a

plaintiff must (1) state the legal theory on which he is

proceeding (negligence, breach of warranty, etc.) and (2) allege

facts that would "allow the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In

attempting to create such an inference for the court, a

plaintiff must do more than put forth "an unadorned, the-

defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 8

serves four major functions: "(1) giving notice of the nature of

a claim or defense; (2) stating the facts each party believes to

exist; (3) narrowing the issues that must be litigated; and (4)

providing a means for speedy disposition of sham claims and

insubstantial defenses."  5 Charles Allen Wright, Arthur R.

Miller, & Mary Kay Kane, Federal Practice and Procedure § 1202

(3d ed. 2008).  Of these four functions, the notice function has

emerged as the most important of Rule 8's purposes.  *Id.*

---

[1] Rule 8 also requires the pleading to set out "a demand for the relief
sought, which may include relief in the alternative or different types of
relief."  Fed. R. Civ. P. 8(a)(3).  Sanyal has met this standard in his
complaint.  (*See* Notice of Removal, Ex. 1 ¶¶ 23, 27.)

The legal substance of Sanyal's complaint is contained in four paragraphs at the end of the complaint.

24. The Defendants together with groups of subsidiaries, affiliates, partners, manufacturing facilities, suppliers, vendors, distributors and dealerships located in the United States of America and globally, are engaged in the business of automobiles and motor vehicles, including but not limited to Toyota Camry, Model Year 2011.

25. The allegations contained herein are asserted against the Defendants, jointly, severally, or in the alternative and arise, at least in part, out of the same series of transactions, involvement, actions, occurrences relating to Defendants [sic] manufacture, assemble, use, procure [sic], outsource, design, research & development, engineering, marketing, distribution, sale, export and importation of the parts used in the TOYOTA CAMRY (Model year 2011; VIN Number 4T1BF3EK9BU658720), purchased by the plaintiff from authorized Toyota Dealer located in Virginia.

26. On information and belief, the Defendants are part of the same corporate family of companies, and the allegations herein arise at least in part from the Defendants [sic] collective activities.

27. The Plaintiff alleges that his physical and personal injuries, pain, suffering aggravating health conditions, damages to health, loss of life's many enjoyments, emotional distress and harms caused due to the failure of airbags to deploy during a fatal motor vehicle crash incident of July 10, 2012 are immense and irrevocable.

(Compl. ¶¶ 24-27.) As noted previously, he requests damages for personal injury, past and future lost wages, future medical and living expenses, and other damages as allowed by law. (*Id.*)

As best the Court can discern, these four paragraphs represent the heart of Sanyal's complaint. Sanyal's complaint fails to allege any legal cause of action. Thus, it is unclear whether he seeks to proceed on a negligence theory, a breach of an express or implied warranty, or all three. The only paragraph that could possibly state such causes of action is paragraph 25, which is a kitchen sink of allegations. In order to plead actionable negligence under Virginia law,[2] Sanyal must allege the "existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). While Sanyal does detail the injuries he has sustained, he does not allege that any of the five defendants have breached a legal duty owed to him nor that a resulting breach caused his injuries. Similarly, Sanyal has not made any allegations sufficient to make out a claim for breach of an express or implied warranty.

---

[2] A federal district court sitting in diversity applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Virginia follows the "place of the wrong" in determining the substantive rights of the parties. *Falos v. Tool Am. Inc.*, No. 109435, 1992 WL 884650, at *1 (Va. Cir. Ct. Apr. 29, 1992). The "place of the wrong" has generally been defined as the state where the last event necessary to create liability for an alleged tort takes place. *Id.* As the accident took place in Virginia, thus creating the last event giving rise to potential liability, Virginia substantive law applies to this action.

"Under Virginia law, an essential element of a cause of action for breach of warranty is an allegation of the fact of the breach." *Christopher v. Cavallo*, 662 F.2d 1082, 1083 (4th Cir. 1981).   Sanyal has not alleged the existence of a warranty, and, consequently, has not alleged the breach of a warranty.

Even if this Court were to assume that Sanyal was asserting a products liability claim sounding in both negligence and breach of warranty, it is unclear whether Sanyal is proceeding with those claims against all named defendants.   The defendants are distinct corporate entities with different operating functions, including automobile manufacturing, sales, marketing and distribution, certain aspects of automotive component testing, public relations, market research, and government affairs.   (Def.'s Mem. in Supp. [Dkt. 9] at 2.) Thus, the individual Defendants are without notice as to which claims apply to them.

The lack of any specific legal theories and the blanket allegations against varied entities deprive Defendants of the notice of the claims against them to which they are entitled under Rule 8.   Rather than attempt to guess what legal theories Sanyal asserts against which defendant, the Court believes it proper to have Sanyal amend his complaint to (1) state a cause of action (or causes of action) in keeping with the requirements of Virginia law and Federal Rule of Civil

8

Procedure 8 and (2) identify which claims he is asserting

against which defendants.  Should Sanyal fail to comply with

this Court's order, this Court may strike the pleading, which,

since the document in question is the complaint, would end his

case.  *See* Fed. R. Civ. P. 12(e).

## IV.   Conclusion

For the foregoing reasons, the Court will grant

Defendants' Motion for a More Definite Statement.  An

appropriate order will issue.


|  | /s/ |
| --- | --- |
| September 30, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |