IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| SATYAJIT SANYAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv960 (JCC/TCB) |
| | ) | |
| TOYOTA MOTOR NORTH AMERICA, | ) | |
| INC. *et al.*, | | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Toyota Motor North America, Inc. ("TMA"), Toyota Motor Manufacturing California, Inc. ("TMMCA"), Toyota Motor Sales, Inc., Toyota Manufacturing Kentucky, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc.'s (collectively "Defendants") Motion to Dismiss Counts Two and Four of the Amended Complaint. [Dkt. 20]; TMA's Motion to Dismiss, or in the alternative, for Summary Judgment [Dkt. 21]; and TMMCA's Motion to Dismiss, or in the alternative, for Summary Judgment [Dkt. 23]. For the following reasons, the Court will grant Defendants' Motion to Dismiss Counts Two and Four. The Court will deny TMA's and TMMCA's motions to dismiss and grant their motions for summary judgment.

1

## I. Background

On July 10, 2012 Satyajit Sanyal ("Plaintiff" or "Sanyal") was driving to work in his Toyota Camry when he crashed head-on into a tree. (Am. Compl. [Dkt. 15] ¶¶ 3-5.) The front end of the Camry was significantly damaged, but the airbags had not deployed. (*Id.* ¶ 4.) Sanyal was transported by ambulance to Reston Hospital, where he was admitted to the Critical Care Unit for two days before his release on July 12, 2012. (*Id.* ¶ 5.)

Sanyal originally filed this action on July 30, 2014 in the Circuit Court for Fairfax County. (Notice of Removal [Dkt. 1] ¶ 1.) Defendants removed to this Court shortly after service on the basis of diversity jurisdiction. (Notice of Removal ¶¶ 2-17.) Defendants then filed a motion requesting a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) [Dkt. 8], which this Court granted. (9/30/14 Order [Dkt. 14].) Sanyal was given leave to amend his complaint. (*Id.*) He did so, alleging: negligence in the design and manufacture of his Camry ("Count 1"); strict liability for the defective design and manufacture of the Camry, plus failure to warn of danger and failure to adequately inspect and test the Camry ("Count 2"); breach of express and implied warranties of merchantability ("Count 3"); "causation and damages" ("Count

Four"); and "wanton, reckless, malacious [sic] or intentionally wrongful conduct in gross disregard for others' rights" ("Count 5"). (Am. Compl. ¶¶ 36-40.) Sanyal seeks damages in the amount of $25,000,000.00. (*Id.* ¶ 41.)

All five defendants have moved to dismiss Counts Two and Four, on grounds that neither count is a recognized cause of action in Virginia. (Defs.' Mem. in Supp. [Dkt. 20] at 3-4.) TMMCA and TMA move for dismissal, or in the alternative, summary judgment, because neither entity is a seller or manufacturer of Toyota vehicles nor made any warranties regarding the Camry. (TMA's Mem. in Supp. [Dkt. 22] at 4; TMMCA's Mem. in Supp. [Dkt. 24] at 4.) Sanyal has not filed any opposition. Having been briefed and argued, these motions are ripe for disposition.

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint[.]" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded

3

factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). To survive a motion to dismiss, a plaintiff's complaint must demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Hence, a pleading that offers only "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Moreover, the plaintiff does not have to show a likelihood of success on the merits. Rather, the complaint must merely allege – directly or indirectly – each element of a

"viable legal theory." *Twombly*, 550 U.S. at 562-63.

**III. Analysis**

**A. Counts Two and Four**

Count Two of the amended complaint alleges that "Defendants are strictly liable for placing into the stream of commerce the 2011 Toyota Camry vehicle which was unreasonably dangerous and defective in design, manufacture, lack of warnings, instructions, and safety." (Am. Compl. ¶ 37(II).) Virginia does not permit tort recovery on a strict-liability theory in products liability cases. *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 57 n.4 (Va. 1988); *see also Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 208, 214 (E.D. Va. 2008) (stating that Virginia only imposes strict liability in cases that involve abnormally dangerous activities). As a matter of law, therefore, Sanyal cannot state a viable claim for strict liability as to design and manufacturing defects of his Toyota as well as Defendants' alleged failure to warn. Therefore, Count Two will be dismissed.

Similarly, Count Four does not state a viable legal claim. In Count Four, Sanyal

> readopt[s], reallege[s], and incorporate[s] by reference all of the above allegations contained in this Complaint and would allege that the actions of the Defendants, [a]sserted against [Defendants], herein as

5

> complained above were the proximate cause or
> proximate contributing cause of the injuries
> of the Plaintiff.

(Am. Compl. ¶ 39.) To the extent that Sanyal is asserting a distinct cause of action, this count must be dismissed as to all defendants. Proximate causation and damages are elements of negligence, not stand-alone causes of action. *See McGuire v. Hodges*, 639 S.E.2d 284, 288 (Va. 20007) (stating the elements of negligence are duty, breach of duty, causation, and damages) (citation and internal quotation marks omitted). However, the Court will consider Count Four to the extent that it is necessary to state a legal claim in Counts One, Three, and Five (i.e., to allege the necessary elements of those causes of action). *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Therefore, Count Four will be dismissed as well.

   **B. TMA and TMMCA's Liability**

TMA and TMMCA argue that they are not involved in the design, development, manufacture, assembly, testing, or inspection of vehicles, including the Camry at issue here. (TMA's Mem. in Supp. [Dkt. 22] at 4; TMMCA's Mem. in Supp. [Dkt.24] at 4.) Therefore, they seek to be dismissed from the case. In support, each defendant attached an affidavit from one of its executives to its memorandum in support of its motion to

6

dismiss.  (*See* TMA's Mem. in Supp., Ex. 1; TMMCA's Mem. in Supp., Ex. 1.)  When considering a motion to dismiss, "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 396 (4th Cir. 2006).  There are exceptions to this rule.  Courts may properly take judicial notice of matters of public record.  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (citation omitted).  Courts may also consider "documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  *Id.*

The affidavits in support of TMA's and TMMCA's motions to dismiss cannot be considered in support of those motions because they are not integral to the complaint nor are they matters of public record.  Therefore, the motion to dismiss these two defendants is denied.  TMA and TMMCA have moved in the alternative for summary judgment.  At the motion hearing, Sanyal contested TMA and TMMCA's assertions that they were not involved in the manufacture, design, or warranty related to his Toyota Camry.  In support, he pointed to TMA and TMMCA's financial filings.  Having considered the evidence, the Court finds that

there is no issue of material fact left for trial.  Therefore, it will grant summary judgment and dismiss TMA and TMMCA from the case.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss Counts Two and Four.  The Court will deny TMA's and TMMCA's motions to dismiss and grant their motions for summary judgment.  An appropriate order will issue.

|  |  |
|---|---|
|  | /s/ |
| January 15, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |