IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| SATYAJIT SANYAL | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:14-cv-00960-JCC-TCB |
| TOYOTA MOTOR NORTH AMERICA, INC, et al. | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
DEFENDANTS TOYOTA MOTOR MANUFACTURING KENTUCKY, INC.
AND TOYOTA MOTOR SALES, U.S.A., INC.'S
<u>MOTION TO COMPEL RESPONSES TO DISCOVERY AND VEHICLE INSPECTION</u>**

Defendants Toyota Motor Manufacturing Kentucky, Inc. ("TMMK") and Toyota Motor Sales, U.S.A., Inc. ("TMS")(collectively "Defendants") hereby submit this Memorandum in support of their Motion for an order compelling Plaintiff to respond to Defendants' discovery requests and to permit inspection of Plaintiff's vehicle.

<u>Facts</u>

1. On June 30, 2014, *pro se* Plaintiff Satyajit Sanyal filed this action in the Circuit Court for Fairfax County, Virginia against Defendants, alleging that he was injured in a single-vehicle accident involving a 2011 Toyota Camry that occurred on July 10, 2012 (the "subject accident").

2. Defendants removed the action to this Court on diversity grounds.

3. On October 16, 2014, in compliance with an Order of this Court, Plaintiff filed an Amended Complaint [Document 15].

4.  Plaintiff claims to have suffered "life-threatening and permanent physical and personal injuries," Amended Complaint at ¶ 3, including "facial and scalp contusions, aggravating post-traumatic seizure activity, and loss of consciousness" as a result of the subject accident. *Id.* at ¶ 22. He alleges medical expenses of at least $37,000. *Id.* at ¶¶ 28, 30.

5.  Plaintiff also claims that the injuries he suffered in the subject accident require him to find less-demanding work, and to work fewer hours, thus "reducing his earning capacity." *Id.* at ¶¶ 26-27.

6.  Plaintiff claims that the 2011 Camry is defective in that his injuries were "caused due to the failure of airbags to deploy during a deadly [sic] motor vehicle crash accident incidence [sic] of July 10, 2012." *Id.* at ¶ 35.

7.  Plaintiff is seeking $25,000,000 in compensatory damages. *Id.* at pp. 14-15.

8.  On February 3, 2015, Defendants served Interrogatories and Requests for Production of Documents on Plaintiff.

9.  TMMK's Requests for Production of Documents to Plaintiff are attached hereto as Exhibit 1. The Requests seek:

- Medical and other documents generated by the emergency responders (Request No. 1);

- Medical records for the ten year period prior to the subject accident (Request No. 2);

- Medical records for treatment related to the injuries Plaintiff allegedly suffered in the subject accident (Request No. 3);

- Documents related to Plaintiff's claim for lost income, including federal and state tax returns and W-2's, filed since January 1, 2005 (Request No. 5); and

- Signed and dated HIPAA-compliant releases permitting Defendants to obtain medical records from Fairfax County Fire & Rescue and Reston Hospital Center, where Plaintiff received treatment following the subject accident (Request No. 12).

10. TMMK's Interrogatories to Plaintiff are attached hereto as Exhibit 2. The Interrogatories ask Plaintiff to identify:

- The health care providers from whom he received care and treatment for the 10 years prior to, and since, the subject accident (Interrogatory No. 3); and

- His employers and job titles since 2005 (Interrogatory No. 4).

11. On February 13, 2015, TMS served a Request to Produce Vehicle for Inspection on Plaintiff, requesting that he produce the 2011 Toyota Camry involved in the subject accident for inspection on April 3, 2015. A copy of the Request is attached hereto as Exhibit 3.

12. Defendants coordinated the schedules of their potential expert witnesses, and all of the expert witnesses can attend the inspection on April 3, 2015, thus minimizing any disruption to Plaintiff's work or personal schedules. Although as discussed below Plaintiff is now refusing to produce the vehicle for inspection, during a telephone conversation with undersigned counsel on February 17, 2015, Plaintiff agreed to produce the vehicle for inspection as requested. That agreement was confirmed in undersigned counsel's letter of February 17, 2015, attached hereto as Exhibit 4.

13. On February 17, 2015, TMS served a Second Request for Production of Documents on Plaintiff. The Second Request, attached hereto as Exhibit 5, requests that Plaintiff produce a signed copy of a Toyota Data Imaging Authorization and Consent (EDR/VCH Data). The consent will permit Toyota to download any data in the Camry's Event Data Recorder, which may include data regarding driver accelerator pedal and braking inputs, and other information, for a short time prior to the subject accident. Any data downloaded from the Event Data Recorder will be provided to Plaintiff, and undersigned counsel informed Plaintiff of that fact during the parties' discussions.

14. On February 10, 2015 and February 17, 2015, undersigned counsel spoke to Plaintiff about the discovery requests and the Request to Produce Vehicle for Inspection.

15. During those conversations, Plaintiff expressed reservations about producing medical records and identifying health care providers, and about producing tax and income information and employment information. Plaintiff claimed that the documents contained personal information, including personal health information, and stated that he did not want that information to become public.

16. Undersigned counsel informed Plaintiff that Plaintiff had filed the present action, claiming personal injury and lost income, and Defendants were therefore entitled to the requested information. Undersigned counsel informed Plaintiff that the information was needed in order to evaluate and defend against, Plaintiff's claims.

17. Undersigned counsel further informed Plaintiff that Defendants would hold the requested information in strictest confidence, sharing it with others (such as expert witnesses) only as necessary to prepare a defense. Undersigned counsel told Plaintiff that in the case of medical information, Defendants are required by Federal law to maintain the confidentiality of the records.

18. On February 20, 2015, undersigned counsel received a letter from Plaintiff in which Plaintiff reiterated his concerns regarding "my Health, Employment and Other records for the years preceding the [subject accident] and later till date [sic] . . . ." The letter, attached hereto as Exhibit 6, goes on to state that Plaintiff "will not be providing my Personal Health records and Employment records and I am not authorizing Defendants . . . to request any of these records from any Doctors, Hospitals, Pharmacy or Healthcare service providers or Employers or Health Insurance providers or Government agencies or Private agencies."

19.     On February 20, 2015, undersigned counsel also received a second later from Plaintiff informing Defendants that he "will not be able to produce my vehicle 2011 Toyota Camry for the requested vehicle inspection on April 3, 2015." A copy of the second letter is attached hereto as Exhibit 7. During the conversation on February 17, 2015, Plaintiff informed undersigned counsel that he would not sign the Toyota Data Imaging Authorization and Consent (EDR/VCH Data).

20.     Although, pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff's responses to Defendants discovery requests are not due until March 9, 2015, Plaintiff's February 20, 2015 letters constitute unequivocal refusals to provide the information sought in the discovery requests.

21.     The information Defendants seek through the specific discovery requests identified above, and through the Request to Produce Vehicle for Inspection, is vital to Defendants' ability to properly evaluate Plaintiff's claims of personal injury and lost income, and to prepare a defense to those claims.

22.     Plaintiff's refusal to provide the information, to produce the 2011 Toyota Camry for inspection, and to sign the Data Imaging Authorization and Consent, is therefore prejudicing Defendants' ability to defend against the defect claims in this lawsuit, a lawsuit brought by Plaintiff and in which he is seeking significant compensatory damages from Defendants.

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court enter an Order compelling Plaintiff to: (1) serve complete responses to TMMK's Requests for Production Nos. 1, 2, 3, 5 and 12; and (2) serve complete responses to TMMK's Interrogatory Nos. 3 and 4, on or before March 9, 2015. Defendants further respectfully request that the Court enter an

-6-

Order compelling Plaintiff to: (1) serve a complete response to TMS's Second Request for Production of Documents; and (2) produce the 2011 Toyota Camry for inspection, on April 3, 2015.

/s/ Joel A. Dewey
Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendants Toyota Motor Manufacturing Kentucky, Inc. and Toyota Motor Sales, U.S.A., Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*