# EXHIBIT NO. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SATYAJIT SANYAL　　　　　　　　*

　　　Plaintiff　　　　　　　　　　*

v.　　　　　　　　　　　　　　　*　　Case No. 1:14-cv-00960-JCC-TCB

TOYOTA MOTOR NORTH AMERICA,　*
INC, et al.
　　　　　　　　　　　　　　　　*
　　　Defendants
　　　　　　　　　　　　　　　　*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## INTERROGATORIES

TO:　　　SATYAJIT SANYAL, Plaintiff

FROM:　　TOYOTA MOTOR MANUFACTURING KENTUCKY, INC., Defendant

You are hereby requested to answer the following interrogatories separately, fully, in writing, and under oath, pursuant to Federal Rule of Civil Procedure 33, a copy of which is attached, and in accordance with the definitions and instructions set forth below.

### DEFINITIONS AND INSTRUCTIONS

The terms "you" and "your" refer to Satyajit Sanyal, and all current or former servants, employees, representatives, agents, subrogors, subrogees, attorneys, parents, children, or other persons acting on his behalf.

The term "person" refers to a natural person, corporation, partnership, other business entity or association, or any government or governmental body, commission, board or agency.

The term "document" refers to every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or

device, including, but not limited to, any written, typed, printed, punched, filmed, marked, or graphic matter, correspondence or memorandum (internal or otherwise), e-mail, drawing, graph, chart, tape, wire, film, photograph, movie, disc, drum, cassette, computer datum, punch datum, or other data computation, however stored, produced, or reproduced, and all copies or transcriptions of the foregoing by whatever means made.

The term "identify," when used in reference to a natural person, means to state his full name, home address, business address, current employment position, and business affiliation. When used in reference to other than a natural person, "identify" means to state whether such person is a corporation, partnership, or other organization, and what its name, current or last known address, and principal place of business are. When you have identified a person other than a natural person, identify each natural person known by you to have acted or to act on behalf thereof with respect to the subject matter of the interrogatory being answered. Once you have properly identified any person, it shall be sufficient thereafter when identifying that same person to state his, her, or its name only.

The term "identify," when used in reference to a document, means to state its date of production, the name and address of each author or signatory, the type of document (e.g., letter, memorandum, telegram, chart, cassette tape, etc.), the name and address of each current custodian of any copies thereof, and any descriptive data, identifying it with particularity sufficient to meet the requirements of a response to a request for production of documents pursuant to Federal Rule of Civil Procedure 34. If any such document was, but is no longer, in a person's possession, custody, or subject to said person's control, state both its disposition and the reasons for such disposition. In lieu of identifying any document, a true and correct copy thereof may be annexed and incorporated by reference in your answers to these interrogatories.

The term "occurrence," unless otherwise indicated, refers to the incident on July 10, 2012, to which the Amended Complaint in the above-captioned action refers.

These interrogatories are continuing in nature so as to require you to file supplemental answers periodically as additional information becomes available.

Use of the masculine or neuter pronouns is for the sake of convenience only and is not intended to exclude reference to or use of feminine pronouns.

## INTERROGATORIES

1. Describe in detail all physical, emotional, or mental injuries or damages that you claim to have suffered as a result of the occurrence.

2. Identify each item or element of pecuniary loss, including but not limited to loss of income, medical expenses, and repair or other out-of-pocket costs, that you claim to have sustained as a result of the occurrence, specifying the precise dollar amount of each such item.

3. Identify each health care provider from whom (or which) you received any care or treatment for the ten-year period prior to the occurrence and since the date of the occurrence.

4. Identify all of your employers, and all job titles you held with those employers, since January 1, 2005.

5. Describe in detail any additional damages not described in your answers to the preceding interrogatories that you claim in this action, specifying the exact dollar amount that you claim for each such additional item of damages.

6. If you made any claim or application for benefits under any life, medical, or hospital insurance policy as a result of the occurrence, for each claim or application, identify the insurer and insured, and state the policy and claim numbers.

7. Identify all persons having or claiming a subrogation interest in the outcome of this action and, for each such person, state the alleged dollar value of that subrogation interest.

8. List by case name, court, and docket reference all litigation or health claim arbitration proceedings in which you filed a claim for alleged personal injury (other than these proceedings).

_____
Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendant Toyota Motor Manufacturing Kentucky, Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2015, a copy of the foregoing Toyota Motor Manufacturing Kentucky, Inc.'s Interrogatories to Plaintiff, and a copy of Federal Rule of Civil Procedure 33, was served, first class postage prepaid, on:

>Satyajit Sanyal
>11654 Plaza America Drive, #622
>Reston, Virginia 20190
>
>*Pro Se Plaintiff*

and that I shall retain the original documents and shall make them available for inspection by any other party.

Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendant Toyota Motor Manufacturing Kentucky, Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*

final sentence is added to reflect the fact that the Federal Rules of Evidence permit a broader use of depositions previously taken under certain circumstances. For example, Rule 804(b)(1) of the Federal Rules of Evidence provides that if a witness is unavailable, as that term is defined by the rule, his deposition in any earlier proceeding can be used against a party to the prior proceeding who had an opportunity and similar motive to develop the testimony of the witness.

### 1987 Amendment

The amendment is technical. No substantive change is intended.

### 1993 Amendments

**Subdivision (a).** The last sentence of revised subdivision (a) not only includes the substance of the provisions formerly contained in the second paragraph of Rule 30(b)(2), but adds a provision to deal with the situation when a party, receiving minimal notice of a proposed deposition, is unable to obtain a court ruling on its motion for a protective order seeking to delay or change the place of the deposition. Ordinarily a party does not obtain protection merely by the filing of a motion for a protective order under Rule 26(c); any protection is dependent upon the court's ruling. Under the revision, a party receiving less than 11 days notice of a deposition can, provided its motion for a protective order is filed promptly, be spared the risks resulting from nonattendance at the deposition held before its motion is ruled upon. Although the revision of Rule 32(a) covers only the risk that the deposition could be used against the non-appearing movant, it should also follow that, when the proposed deponent is the movant, the deponent would have "just cause" for failing to appear for purposes of Rule 37(d)(1). Inclusion of this provision is not intended to signify that 11 days' notice is the minimum advance notice for all depositions or that greater than 10 days should necessarily be deemed sufficient in all situations.

**Subdivision (c).** This new subdivision, inserted at the location of a subdivision previously abrogated, is included in view of the increased opportunities for video-recording and audio-recording of depositions under revised Rule 30(b). Under this rule a party may offer deposition testimony in any of the forms authorized under Rule 30(b) but, if offering it in a nonstenographic form, must provide the court with a transcript of the portions so offered. On request of any party in a case the deposition testimony offered other than for impeachment purposes is to be presented in a nonstenographic form, if available, unless the court directs otherwise. Note that under Rule 26(a)(3)(B) a party expecting to use nonstenographic deposition testimony as substantive evidence is required to provide other parties with a transcript in advance of trial.

### 2007 Amendment

The language of Rule 32 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Rule 32(a) applied "[a]t the trial or upon the hearing of a motion or an interlocutory proceeding." The new version describes the same events as "a hearing or

The final paragraph of former Rule 32(a) allowed use in a later action of a deposition "lawfully taken and duly filed in the former action." Because of the 2000 amendment of Rule 5(d), many depositions are not filed. Amended Rule 32(a)(8) reflects this change by excluding use of an unfiled deposition only if filing was required in the former action.

### 2009 Amendments

The times set in the former rule at less than 11 days and within 5 days have been revised to 14 days and 7 days. See the Note to Rule 6.

### HISTORICAL NOTES

**Effective Date of Amendment Proposed November 20, 1972**

Amendment of this rule embraced by the order entered by the Supreme Court of the United States on November 20, 1972, effective on the 180th day beginning after January 2, 1975, see section 3 of Pub.L. 93–595, Jan. 2, 1975, 88 Stat. 1959, set out as a note under section 2071 of Title 28.

## Rule 33. Interrogatories to Parties

**(a) In General.**

(1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

(2) *Scope.* An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

**(b) Answers and Objections.**

(1) *Responding Party.* The interrogatories must be answered:

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) *Time to Respond.* The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

(5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

(c) **Use.** An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.

(d) **Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

(Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This rule restates the substance of [former] Equity Rule 58 (Discovery—Interrogatories—Inspection and Production of Documents—Admission of Execution or Genuineness), with modifications to conform to these rules.

#### 1946 Amendment

**Note.** The added second sentence in the first paragraph of Rule 33 conforms with a similar change in Rule 26(a) and will avoid litigation as to when the interrogatories may be served. Original Rule 33 does not state the times at which parties may serve written interrogatories upon each other. It has been the accepted view, however, that the times were the same in Rule 33 as those stated in Rule 26(a). *United States v. American Solvents & Chemical Corp. of California,* D.Del. 1939, 30 F.Supp. 107; *Sheldon v. Great Lakes Transit Corp.,* W.D.N.Y.1942, 2 F.R.D. 272, 5 Fed.Rules Serv. 33.11, Case 3; *Musher Foundation, Inc., v. Alba Trading Co.,* S.D.N.Y.1941, 42 F.Supp. 281; 2 Moore's Federal Practice, 1938, 2621. The time within which leave of court must be secured by a plaintiff has been fixed at 10 days, in view of the fact that a defendant has 10 days within which to make objections in any case, which should give him ample time to engage counsel and prepare.

Further in the first paragraph of Rule 33, the word "service" is substituted for "delivery" in conformance with the use of the word "serve" elsewhere in the rule and generally throughout the rules. See also Note to Rule 13(a) herein. The portion of the rule dealing with practice on objections has been revised so as to afford a clearer statement of the procedure. The addition of the words "to interrogatories to which objection is made" insures that only the answers to the objectionable interrogatories may be deferred, and that the answers to interrogatories not objectionable shall be forthcoming within the time prescribed in the rule. Under the original wording, answers to all interrogatories may be withheld until objections, sometimes to but a few interrogatories, are determined. The amendment expedites the procedure of the rule and serves to eliminate the strike value of objections to minor interrogatories. The elimination of the last sentence of the original rule is in line with the policy stated subsequently in this note.

The added second paragraph in Rule 33 contributes clarity and specificity as to the use and scope of interrogatories to the parties. The field of inquiry will be as broad as the scope of examination under Rule 26(b). There is no reason why interrogatories should be more limited than depositions, particularly when the former represent an inexpensive means of securing useful information. See *Hoffman v. Wilson Line, Inc.,* E.D.Pa.1946, 9 Fed.Rules Serv. 33.514, Case 2; *Brewster v. Technicolor, Inc.,* N.Y.1941, 2 F.R.D. 186, 5 Fed.Rules Serv. 33.319, Case 3; *Kingsway Press, Inc. v. Farrell Publishing Corp.,* S.D.N.Y.1939, 30 F.Supp. 775. Under present Rule 33 some courts have unnecessarily restricted the breadth of inquiry on various grounds. See *Auer v. Hershey Creamery Co.,* D.N.J.1939, 2 Fed.Rules Serv. 33.31, Case 2, 1 F.R.D. 14; *Tudor v. Leslie,* D.Mass.1940, 1 F.R.D. 448, 4 Fed.Rules Serv. 33.324, Case 1. Other courts have read into the rule the requirement that interrogation should be directed only towards "important facts", and have tended to fix a more or less arbitrary limit as to the number of interrogatories which could be asked in any case. See *Knox v. Alter,* W.D.Pa.1942, 2 F.R.D. 337, 6 Fed.Rules Serv. 33.352, Case 1; *Byers Theaters, Inc. v. Murphy,* W.D.Va.1940, 3 Fed.Rules Serv. 33.31, Case 3, 1 F.R.D. 286; *Coca-Cola Co. v. Dixi-Cola Laboratories, Inc.,* D.Md.1939, 30 F.Supp. 275. See also comment on these restrictions in Holtzoff, Instruments of Discovery under Federal Rules of Civil Procedure, 1942, 41 Mich.L.Rev. 205, 216–217. Under amended Rule 33, the party interrogated is given the right to invoke such protective orders under Rule 30(b) as are appropriate to the situation. At the same time, it is provided that the number of or number of sets of interrogatories to be served may not be limited arbitrarily or as a general policy to any particular number, but that a limit may be fixed only as justice requires to avoid annoyance, expense, embarrassment or oppression in individual cases. The party interrogated, therefore, must show the necessity for limitation on that basis. It will be noted that in accord with this change the last sentence of the present rule, restricting the sets of interrogatories to be served, has been stricken. In *J. Schoeneman, Inc. v. Brauer,* W.D.Mo.1940, F.R.D. 292, 3 Fed.Rules Serv. 33.31, Case 2, the court said "Rule 33 * * * has been interpreted * * * as being just broad in its implications as in the case of depositions * * It makes no difference therefore, how many interrogatories are propounded. If the inquiries are pertinent the opposing party cannot complain." To the same effect, see *Canuso v. City of Niagara Falls,* W.D.N.Y.1945, 8 Fed.Rules Serv. 33.352, Case 1; *Hoffman v. Wilson Line, Inc.,* supra.