# EXHIBIT NO. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SATYAJIT SANYAL *

Plaintiff *

v. * Case No. 1:14-cv-00960-JCC-TCB

TOYOTA MOTOR NORTH AMERICA, INC, et al. *

*

Defendants *

* * * * * * * * * * * *

**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: SATYAJIT SANYAL, Plaintiff

FROM: TOYOTA MOTOR SALES, U.S.A., INC., Defendant

Pursuant to Federal Rule of Civil Procedure 34, a copy of which is attached, you must serve a written response to this request within thirty days after service of the request upon you and provide within such time the reason(s) for your refusal to produce any document or part thereof requested. If you assert a privilege to withhold a document, you should identify the date of such document's production, its author(s) or signatory(-ies), each recipient (whether identified on the document or not), and the privilege asserted. The documents should be produced at the offices of DLA Piper LLP (US), 6225 Smith Avenue, Baltimore, Maryland 21209. You shall produce documents in the files and order as you keep them in the ordinary course of business or in an order that organizes and labels them so as to correspond to each such request made. You may produce things at a mutually agreeable time and place as they have been kept since the date

of the occurrence. These requests are continuing in nature and require you to supplement your response and production.

**REQUEST**

27. A signed copy of the attached TOYOTA DATA IMAGING AUTHORIZATION AND CONSENT (EDR / VCH Data).

Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of February, 2015, a copy of the foregoing Toyota Motor Sales, U.S.A., Inc.'s Second Request for Production of Documents to Plaintiff, and a copy of Federal Rule of Civil Procedure 34, was served, first class postage prepaid, on:

Satyajit Sanyal
11654 Plaza America Drive, #622
Reston, Virginia 20190

*Pro Se Plaintiff*

and that I shall retain the original documents and shall make them available for inspection by any other party.

Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendant Toyota Motor Sales, U.S.A., Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*

2007 Amendment

The language of Rule 33 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

The final sentence of former Rule 33(a) was a redundant cross-reference to the discovery moratorium provisions of Rule 26(d). Rule 26(d) is now familiar, obviating any need to carry forward the redundant cross-reference.

Former Rule 33(b)(5) was a redundant reminder of Rule 37(a) procedure and is omitted as no longer useful.

Former Rule 33(c) stated that an interrogatory "is not necessarily objectionable merely because an answer * * * involves an opinion or contention * * *." "[I]s not necessarily" seemed to imply that the interrogatory might be objectionable merely for this reason. This implication has been ignored in practice. Opinion and contention interrogatories are used routinely. Amended Rule 33(a)(2) embodies the current meaning of Rule 33 by omitting "necessarily."

## Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes

(a) **In General.** A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) **Procedure.**

(1) *Contents of the Request.* The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;

(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

(C) may specify the form or forms in which electronically stored information is to be produced.

(2) *Responses and Objections.*

(A) *Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

(B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

(c) **Nonparties.** As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.

(Amended December 27, 1946, effective March 19, 1948; March 30, 1970, effective July 1, 1970; April 29, 1980, effective August 1, 1980; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 22, 1993, effective December 1, 1993; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.)



Toyota Motor Sales, U.S.A., Inc.
19001 S. Western Avenue
Torrance, CA 90501

# TOYOTA DATA IMAGING AUTHORIZATION AND CONSENT
## (EDR / VCH Data)

I am the "owner" (a person having all the incidents of ownership, including legal title, of a motor vehicle, whether or not the person lends, rents, or creates a security interest in the motor vehicle; a person entitled to the possession of a motor vehicle as the purchaser under a security agreement; a person entitled to possession of a motor vehicle as a lessee pursuant to a written lease agreement for a period of more than three months) of the 2011 Model Year Toyota / Lexus / Scion Camry, VIN 4T1BF3EK9BU658720 (the "Subject Vehicle").

I hereby consent and authorize Toyota Personnel to image data from the Event Data Recorder (EDR) and / or any other computer memory contained within the Subject Vehicle. In doing so, I acknowledge and agree voluntarily to waive any privacy rights to the information or data imaged from the subject vehicle's EDR or other computer memory.

______________________________
Signature of Owner / Owners / Authorized Representative

Satyajit Sanyal
Printed Name of Owner / Owners / Authorized Representative

Title Holder
Status (i.e. title holder, security agreement holder, lessee, etc.)

______________________________
Date

**For Arkansas** [written consent is not consent to release owner identification information]: Consent is required from all owners of the subject vehicle. Where the subject vehicle has been involved in an accident, consent is required from all owners of the subject vehicle at the time the data was recorded.

**For California and Connecticut**: Owner means registered owner of the subject vehicle.

**For Oregon**: Consent is required from all owners of the subject vehicle.

**For New Hampshire**: Consent is required from an owner of the subject vehicle at the time the data was recorded.

**For Washington** [where Toyota is a third party in a suit where data is being imaged after a crash]: Consent is required from an owner of the subject vehicle at the time of the crash.

**For Utah**, "owner" does not include lienholder unless the lienholder gains possession of the motor vehicle as a result of purchaser's default.