FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA

2015 MAR -4  A 11: 21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SATYAJIT SANYAL, Pro Se ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | Case # 1:14-cv-00960-JCC-TCB |
| ) | |
| Toyota Motor North America, Inc., et al ) | |
| Defendants ) | |

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS TOYOTA MOTOR MANUFACTURING KENTUCKY, INC. AND TOYOTA MOTOR SALES,U.S.A., INC.'S MOTION TO COMPEL RESPONSES TO DISCOVERY AND VEHICLE INSPECTION**

Plaintiff, SATYAJIT SANYAL, by Pro Se, hereby submits this Memorandum in opposition to and demands dismissal of the Defendants Motion for an Order compelling Plaintiff to respond to Defendants' discovery requests and to permit inspection of Plaintiff's vehicle for the following reasons stated hereinafter:

1. The Plaintiff and Defendants have demanded Jury Trial for this case, which was moved by the defendants to this Court, based on diversity claims and has been assigned Case # 1:14-cv-00960-JCC-TCB.

2. The Plaintiff emphasizes that he has already submitted to this Court, the documents and records containing critical facts and circumstantial evidences pertaining to his claims in this subject case and understands that he may have to provide additional documents or information during the discovery process and during the trial, to which he has the freedom to agree through amicable consent and not by compulsion against his consent. On the contrary, the Defendants have not yet submitted documentary evidences and instead the Defendants have been making consistent attempts to delay Justice and create confusion as well as stalemate situations by approaching the Plaintiff with requests for data

and information which the Plaintiff disagrees to consent based on protections available to the Plaintiff per his fundamental and legal rights to privacy.

3. The Plaintiff's understanding is that the authority of making Judgments in the subject case has not been entrusted by the U.S. Courts to the Defendants or their attorneys. However, based on the letters and other documents sent or submitted by the Defendants and/or their attorneys, contain language and information which create a notion of them being in a position of authority to make Judgments in this subject case.

4. The Plaintiff has approached the U.S. Courts for Justice, under the belief that Courts are Government entities, partly funded by "We the People" for preserving Democracy and maintaining a Disciplined Civilized society. The documents received by Plaintiff, pertaining to Case # 1:14-cv-00906-JCC-JFA, enclosed as Exhibit 1, generates notions of professionals ease to manipulate or sway the Rule(s) of Law to coerce actions and/or decisions based on the Plaintiffs adherence to Defendants requests, which raises queries that Plaintiff is deeply concerned about in this subject Case # 1:14-cv-00960-JCC-TCB.

5. The Plaintiff emphasizes that he has entirely lost TRUST on the named defendants and their assurances after reviewing the publicly accessible information, enclosed as Exhibit 2, 3 and 4, which contain documents related to Public and Federal proceedings, including lawsuits in the United States, involving partly or wholly, one or more of the named defendants and/or their group companies located in North America and/or Worldwide, which together operate under the brand named TOYOTA.

- The information and evidences contained in Exhibit 2, clearly indicate that one or more of the group companies together operating under the brand named TOYOTA, agreed to pay to the United States $1.2 billion as financial penalty resulting from the offenses described in the Information and Statement of Facts contained in a deferred prosecution agreement co-signed on March 19th, 2014 by General Counsel and Chief Legal Officer for Toyota Motor North America, Inc. and Group Vice President for Toyota Motor Sales U.S.A., Inc.

- For Case No. 8:10ML 02151 JVS (FMOx) enclosed in Exhibit 3, $1.6 billion Settlement Valuation was proposed in the Court Order dated June 17th, 2013 related to a Class Action Settlement which involved as Defendants, one or more of the group companies together operating under the brand named TOYOTA. The Principal Attorney representing the Defendants in this subject case is known to also have represented the Defendants named in the aforementioned Class action settlement.

- Case No. CV11-04479 (RZx), enclosed in Exhibit 4, reveal evidence and significant information related to the deceptive practices and unlawful activities endeavored by one or more of the named Defendants in this subject case and/or their group companies together operating under the brand named TOYOTA.

6. The Plaintiff emphasizes that his rights to privacy and freedom to consent to release of information or records related to/or containing his Health Information, Personal Information, Birthdate, Social Security Number, Employment or Employer Information along with other such protected information and "data from the Event Data Recorder (EDR), VCH and/or any other computer memory contained within the subject vehicle 2011 Toyota Camry with VIN 4T1BF3EK9BU658720" are fundamental and are legal privacy protection rights available to the Plaintiff by Law, which the Plaintiff is exercising while disagreeing to consent to providing or releasing such records or information.

7. The Plaintiff's disagreement to consenting to providing or releasing records pertaining to Health, Employment, Employer, Birthdate, Social Security Number, Personal Information and "download/image data from the Event Data Recorder (EDR), VCH and/or any other computer memory contained within the subject vehicle 2011 Toyota Camry with VIN 4T1BF3EK9BU658720", were explicitly discussed during telephone conversations between the Plaintiff and Defendants attorney and also communicated by letters.

8. The Plaintiff has already informed the Defendants by letter to their attorneys, dated February 20th, 2015 that he will try to provide an "Affidavit of Health" in lieu of Health records, indicating information on

3

his health and "Affidavit of Earned Income from Employment" in lieu of W2, containing amount of Federal Earned Income per Calendar year.

9. The Plaintiff emphasizes that, due to the concerns and reasons stated as follows, he disagrees to consent to the Defendants requests for inspection of the subject vehicle 2011 Toyota Camry with VIN 4T1BF3EK9BU658720:

- The type of vehicle inspection requested by the Defendants is not standardized or regulated by the U.S. Federal and/or State laws or systems.

- Plaintiff has right to privacy of data from the Event Data Recorder (EDR), VCH and/or any other computer memory contained within the subject vehicle 2011 Toyota Camry with VIN 4T1BF3EK9BU658720.

- Plaintiff does not have clarity about continued coverage by his existing insurance providers for his automobile and healthcare insurances, in case of any accidents and/or potential damages to the subject vehicle or involved properties and/or injuries to the Plaintiff or other people during or after the vehicle inspection that is not standardized or regulated by the U.S. Federal and/or State laws or systems.

- Defendants are requesting that Vehicle inspection be performed in TOYOTA branded facilities. This makes the vehicle and inspection reports susceptible to being intentionally altered, manipulated, data wiped-out, damaged and/or made incomplete or entirely irrelevant.

- Inspection tools, testing software/hardware, devices, facilities and guidelines to be used during the requested vehicle inspection, and associated data analytical capabilities are known to be tailor-made to the specific automobile manufacturers design only, with limited availability in facilities mostly operated by TOYOTA dealers.

- Due to negligible or limited public expertise in understanding the custom codes and information downloaded from the EDR/VCH

4

and/or any other computer memory contained within the subject vehicle, makes the vehicle inspection reports and existing data susceptible to being altered, manipulated, incomplete, irrelevant and/or adjusted to the Defendants needs to safeguard their interests in lawsuits.

- Due to lack of specifics on tasks related to the requested vehicle inspection, unregulated type of inspection, limited public access and design information on the tailor-made specialized tools which may be used by TOYOTA facilities during the requested inspection, makes the vehicle inspection reports and existing data susceptible to being altered, manipulated, wiped-out, damaged, and/or information pertaining to claimed facts being reported as unrecorded or non-existent.

- Unavailability of requested vehicle inspection in publicly accessible and drive-in, regulated inspection facilities owned or operated by the U.S. Department of Transportation, National Highway Traffic Safety Administration and/or U.S. Federal or State Government.

Wherefore, based on the aforementioned information, concerns and reasons stated above, the Plaintiff respectfully demands this Court to dismiss the Defendants Motion for an Order compelling Plaintiff to respond to Defendants' discovery requests and to permit inspection of Plaintiff's vehicle.

RESPECTFULLY SUBMITTED, this 4th day of March 2015.

By: _____

SATYAJIT SANYAL, Pro Se

Satyajit Sanyal

Mailing Address:

11654 Plaza America Drive, #622,

Reston, Virginia - 20190

**<u>Copy of Plaintiff's Memorandum in Opposition to Defendants, Toyota Motor Manufacturing Kentucky, Inc. and Toyota Motor Sales, U.S.A., Inc.'s Motion to Compel Responses to Discovery and Vehicle Inspection will be mailed to Defendant's Attorney on record</u>:**

Joel A. Dewey

DLA Piper LLP (US)

The Marbury Building

6225 Smith Avenue

Baltimore, Maryland – 21209