FILED

2015 JUN -3 P 3: 14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA

SATYAJIT SANYAL, Pro Se )
         Plaintiff )
)
Vs. ) Case # 1:14-cv-00960-JCC-TCB
)
Toyota Motor North America, Inc., et al )
         Defendants )

## PLAINTIFFS RESPONSE TO DEFENDANTS REPLY IN SUPPORT OF MOTION For SUMMARY JUDGEMENT

Plaintiff, SATYAJIT SANYAL, by Pro Se, hereby submits his Responses to "Defendants Reply in support of Defendants Motion for Summary Judgment", submitted by the Plaintiff in support of his demand for dismissal of the Defendants Motion:

1. The Plaintiff would like to emphasize that the Plaintiff and Defendants have already agreed to Jury Trial for this case.

2. On 05/21/2015, this case has been set by the Court for trial by Jury starting 08/17/2015.

3. In the Plaintiff's opinion, further processing of the Defendant's motion for Summary Judgment, especially after the case has been set for Jury trial by the same Court, will be in contradiction to the orders

issued by this Court. Therefore, the Plaintiff humbly requests this Court to dismiss the Defendant's motion for Summary Judgment and allow continuance of the proceedings of this case by Jury trial as agreed by all parties.

4. From the "Defendants reply in support of Motion for Summary Judgment" it appears that the defendants, instead of defending their claims based on facts, in their attempts to seek denial of Justice for Plaintiff's valid claims which are supported by facts, defendants have adopted an approach to defend their wrongdoings by using the process and provisions of Law against the Law itself.

5. During the proceedings of this case, the Plaintiff has clearly indicated that he has enough documentation, facts and circumstantial evidences to support his claims.

6. The Plaintiff has already informed the defendants that he has taken several science, design and engineering courses in the specialty areas of physics, electronics, mechanical, biomedical, electrical, power electronics, computer science, programming and information technology specialties. Most of these courses are already listed in Plaintiff's deposition taken by the defendants on 03/27/2015 and also attached by the defendant's in their motion. The issues surrounding this case are mostly electronics, engineering and technology related. Therefore, based on the courses taken, the plaintiff has the knowledge and training to qualify as an expert witness.

7. The Plaintiff is representing by Pro Se and was not aware that he needs to engage his expert witnesses for a Trail debate between the Plaintiff's and Defendant's expert witnesses. Therefore, the Plaintiff requests this Court to provide him additional and reasonable time to seek, engage and identify such expert witnesses.

8. Also, to facilitate the investigations by the Plaintiff's expert witnesses, the Plaintiff requests this Court for an order on the Defendants to provide the Plaintiff with all copies of the design documentation, parts

inventory list including component identification, additional manufacturing related records, parts testing reports, vehicle testing and quality control reports for the subject vehicle 2011 Toyota Camry.

9. The plaintiff has submitted the Herndon Police report for the subject accident which details the Police Officer's observations, findings and opinions in a certified Government document. The information from the Herndon Police report should be treated as Plaintiff's expert witness report from an authorized Law Enforcement Official and designated Public Safety authority.

10. The plaintiff has submitted the Fairfax County Fire and Rescue Patient care report from the subject accident which details the respective officer's observations, findings and opinions in a certified Government document. The information from the Fairfax County Fire and Rescue Patient care report should be treated as Plaintiff's expert witness report from an authorized Government Official and designated Public Safety authority.

11. The Plaintiff has submitted certificate from Dr. Shabih Hasan, M.D. Confirming that the Plaintiff was treated at Reston Hospital for "Post traumatic seizure" after an MVA (Motor Vehicle Accident) which should be treated as Plaintiff's expert witness report from a Doctor.

12. The Plaintiff has submitted hand-written note from Dr. Tajammul Ehsan, M.D. explicitly confirming Dr. Ehsan's diagnosis that the Plaintiff suffered "Post traumatic epilepsy" during the subject accident. Hand-written note from Dr. Tajammul Ehsan, M.D. should be treated as Plaintiff's expert witness report from a Doctor.

13. The Plaintiff has submitted "Estimate of Record" provided by GEICO which clearly details the pre-repair analysis and diagnosis of repairs to be performed on the subject vehicle after the subject accident. The "Estimate of Record" provided by GEICO also contain photographs of the subject vehicle, the report was created based on

diagnosis and assessments by qualified automobile mechanics and should be treated as Plaintiff's expert witness report from qualified automobile mechanics.

14. The Plaintiff has submitted a copy of the Crash Data Retrieval report i.e. the EDR report based on the data exported from the subject vehicle during the inspection of the subject vehicle performed on 04/03/2015. Irrespective of who extracted the data from the subject vehicle, unless the defendants contest the fact that the EDR data or report would have been different if it were extracted by a specialist designated by the Plaintiff, the EDR report should be treated as document on record.

15. The components used to record the Crash Data i.e. the EDR data are designed and/or manufactured by the defendants or their vendors, on which the Plaintiff has no control. Therefore, what information or data is reported in the EDR report is not under the control of the Plaintiff.

16. As ordered by this Court, during the discovery process, the Plaintiff has provided the defendant's attorneys with all the documents requested by them, which also include non-redacted copies of Plaintiff's medical and income records.

17. The Plaintiff attempted to submit copies of his medical records to this Court along with "Plaintiff's Witness, Documents and Exhibits lists for Trial", however, he was advised that the supporting documents and exhibits would need to be submitted a day prior to the Trial date. Upon receipt of appropriate orders from this Court, the Plaintiff is willing to submit redacted copies of his Medical records at an earlier date to facilitate this Court's decision making process for the "Defendants Motion for Summary Judgment".

18.    The Plaintiff has submitted several photographs of the subject vehicle and the accident scene, which should be treated as evidence documents in record.

19.    The Plaintiff expects that this Court will enter judgments based on available facts, with the Plaintiff's Amended Complaint being the central point of Claims document on record.

20.    The Plaintiff's Amended Complaint was focused on the consequences and aggravation of his health conditions caused due to non-deployment of the driver-side airbags in the frontal crash event of his 2011 Toyota Camry LE. The fact that the Airbags did not deploy has already been confirmed in the Herndon Police Report, which is a certified Government record.

21.    The Plaintiff emphasizes that the circumstances and evidences presented in this case are unique and have no similarity to the other cases referenced by the defendants. Therefore, the Plaintiff humbly requests this Court to primarily make Judgments based on the evidences presented in this case.

22.    The defendants have not yet submitted any evidence or expert witness reports based on the inspection and conditions of the subject vehicle at the time of leaving the Toyota Motor Manufacturing Kentucky Inc.'s facility and prior to distributing the subject vehicle for sale. Therefore, the expert witness reports submitted by the defendant's cannot be admitted as justification or expert testimony for non-existence of the defects at the time of manufacturing or distribution of the subject vehicle.

23.    The defendants expert witness reports are based on the current condition of the subject vehicle after the subject accident and not based on the condition of the subject vehicle at any time prior to the Plaintiff's purchase of the subject vehicle. Therefore, the expert witness reports cannot be admitted as justification or expert testimony

for non-existence of the defects at the time of manufacturing or distribution of the subject vehicle.

24. Noteworthy is that the mileage of the subject vehicle was around 20 miles at the time of the purchase, approximately 8423 miles at the time of the accident and approximately 34000 miles at the time of the subject vehicle inspection performed by the defendant's expert witnesses.

25. Due to lack of date and time of the reported specific TRG event, the data reported in the EDR report is not credible and therefore inadmissible.

26. Both TRG2 and TRG3 events are recorded in the EDR report as "Front/Rear Crash" making the credibility of EDR report questionable. The defendants explicitly claim that TRG2 event is for the "Front crash" of the subject event and that TRG3 is for the "Rear crash" at a date later than the subject accident. However, since both events are reported as "Front/Rear Crash" and due to lack of the specific date and time of the reported event, the defendant's and their expert witnesses affirmative claims have no factual basis and are merely based on their speculation.

27. Both TRG2 and TRG3 events reporting a speed of 13.7 mph are too much coincidental to the fact that the vehicle speed for Front and Rear crashes was around the same speed range.

28. Noteworthy is the fact that the subject vehicle was in a standstill position, stopped at a Red traffic light, with the Plaintiff applying the brakes to maintain the standstill position, when a car from behind, crashed into the subject vehicle. The rear bumper of the subject vehicle only had marks of the license plate bolts from the crashing vehicle. This crash is being referenced as TRG3 by the defendants.

6

29. There's too much questionable, ambiguous and non-credible information reported in the EDR report, information from which is being used as the primary and underlying supporting facts by the defendant's expert witnesses. The Plaintiff is concerned that any expert witness reports prepared based off questionable, ambiguous and non-credible information makes the credibility of such expert witnesses and their reports questionable and inadmissible.

30. As on date approximately 34 million vehicles in the United States which were manufactured by the defendants as well as other manufactures, are being recalled due to airbag issues. This is an indicator of the underlying issues caused due to acceptance of industry-wide practices by the defendants.

31. Statements made in documents submitted by the defendants clearly indicate that they compromised Vehicle Safety in an effort to keeps costs lower based on industry-wide practices, which has resulted in putting the life of their customers at risk.

32. As of the most recent quarterly financial reports released by Toyota, as a corporation they have reported aver 19+ Billion Dollars as profit and have also indicated that their goals are to report more profits in the near future. This is an indication that the greed of the defendants is ever-growing with the probability of them making compromises and choices which puts the lives of their customers at risk.

33. The defendants have documented in the owner's manual for the 2011 Toyota Camry that the vehicle airbags are designed for frontal crashes occurring at speed between 12 mph to 18 mph.

34. Even for argument purposes, if the Defendant's claim of the vehicle speed per the EDR data for the subject vehicle for the subject accident were to be considered as having some basis, the TRG2 event data for the subject vehicle speed during the crash was well

within the airbag deployment range documented in the owner's manual. However, the airbags failed to deploy.

35. The defendants are claiming accuracy of the EDR data readout in the time-factor of milliseconds, with their expectation of the Plaintiff's response time within 1.5 seconds. In absence of calibrated equipment certificates for the equipment's used by the defendants expert witnesses, the data reported by any such equipment's are not trustworthy. Therefore, the Plaintiff humbly requests the Court to strike and make inadmissible the defendant's expert witness reports which were created based on the information from the EDR report.

36. The defendant's expert witnesses are not practicing Medical Doctors and therefore any opinions expressed by them regarding the Plaintiff's health and medical conditions are mere speculations, invalid and inadmissible.

37. The pole test videos with filenames 464888U and 464888W which were hand delivered to the plaintiff by defendants on 05/20/2015, clearly demonstrates the crashing of the driving dummies head with the steering wheel.

38. Dummies used by the defendants during the vehicle testing do not have belly fat or emotions or do not have to react within 1.5 seconds or apply brakes or suffer seizures after hitting their head on the steering wheel, which on the contrary in real-life scenarios have a huge probability of being experienced by humans driving vehicles manufactured by the defendants.

The Plaintiff humbly requests the Honorable Court to accept his response in support of his original memorandum submitted in opposition to Defendant's Motion for Summary Judgment and provide him additional time for seeking expert witnesses, issue Court orders for the defendants to

provide the requested documents to the Plaintiff or dismiss the Defendant's motion for Summary Judgment and allow continuance of the trial of this case by Jury.

RESPECTFULLY SUBMITTED, this 3rd day of June 2015.

By: _____

SATYAJIT SANYAL, Pro Se

Satyajit Sanyal
Mailing Address:
11654 Plaza America Drive, #622,
Reston, Virginia - 20190

**Copy of Plaintiff's Response to Defendant's Reply in Support of Motion for Summary will be faxed and mailed to Defendant's Attorney on record:**

Joel A. Dewey
Paul J. Day
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland – 21209

# CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

___SATYAJIT SANYAL___
Name of *Pro Se* Party (Print or Type)

___(signature) 06/03/2015___
Signature of *Pro Se* Party

Executed on: ___06/03/2015___ (Date)

## OR

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)