IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SATYAJIT SANYAL       *

      Plaintiff       *

      v.       *       Case No. 1:14-cv-00960-JCC-TCB

TOYOTA MOTOR NORTH AMERICA,       *
INC, et al.

      *

      Defendants       *

      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBIT LIST

Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Manufacturing Kentucky, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively "Defendants"), by their attorneys, hereby submit the following objections to Plaintiff's Trial Exhibit List.

## General Objection

This Court's February 2, 2015 Order [ECF Document 29] provides that, with respect to each party's proposed trial exhibits, "[t]he exhibits themselves or a copy should be exchanged with opposing counsel before the [final pretrial] conference."  In violation of this requirement, Plaintiff has not provided Defendants with copies of his proposed exhibits.  Defendants are therefore unable to determine what specific document(s) Plaintiff intends to offer as exhibits at trial based on Plaintiff's often very general descriptions.  Defendants cannot reasonably be expected to make specific objections regarding those proposed exhibits.

In a good faith attempt to comply with the Court's Order requiring timely objections to Plaintiff's exhibit list, Defendants have objected to the exhibits based on Defendants' assumption as to what specific document(s) Plaintiff intends to offer at trial.  Defendants reserve the right to

make different or additional objections in the event that Plaintiff submits an exhibit that is

different than what Defendants interpreted it to be based on Plaintiff's description.

**Specific Objections**

| Plaintiffs' Exhibit No. | Description | Objection |
|---|---|---|
| N/A | "Written Deposition" of "9-1-1 Caller" | Defendants incorporate their General Objection.  Plaintiff has not provided Defendants with a copy of the "written deposition" of a "9-1-1 Caller."  If Plaintiff intends this description to refer to a transcript of the 911 call regarding the subject accident, that transcript would not contain testimony, or even a statement, made under oath, and therefore lacks any indicia of reliability. In addition, Plaintiff has not shown that his intended use of the transcript meets the requirements of Fed. R. Civ. P. 32(a), and would therefore be admissible, and Defendants object on that basis.  Nor has Plaintiff designated any part(s) of the transcript he intends to offer at trial.  Defendants reserve the right to make further objections to the admissibility of all or part of the transcript pursuant to Fed. R. Civ. P. 32(b).  Defendants assert the following additional objections:  Lack of foundation, lack of authenticity. |
| 1. | Herndon Police Report | None at this time. |
| 2. | Subject Vehicle Photographs | None at this time. |
| 3. | Subject Accident Scene Photographs | None at this time. |

| 4. | Subject Vehicle Testing Photographs | Defendants incorporate their General Objection. Plaintiff has not disclosed any "testing" performed by him, or anyone on his behalf, on the subject vehicle. Nor has he produced any reports or photographs of such testing. Without having seen any such photographs, Defendants assert the following objections: Lack of foundation, lack of authenticity, lack of relevance, prejudicial. |
|---|---|---|
| 5. | 9-1-1 EMS Call Reports | None at this time. |
| 6. | Records from Fairfax County Fire and Rescue | None at this time. |
| 7. | Photographs and Video from Filename 464888U | Defendants incorporate their General Objection. The file with designation "464888U" is a video file only. There are no photographs associated with it. Defendants assert the following objections: Lack of foundation, lack of authenticity. |
| 8. | Photographs and Video from Filename 464888W | Defendants incorporate their General Objection. The file with designation "464888W" is a video file only. There are no photographs associated with it. Defendants assert the following objections: Lack of foundation, lack of authenticity. |
| 9. | Doctors [sic] Note by Dr. Shahib U. Hasan, M.D. confirming Post Traumatic Seizure after MVA | Defendants incorporate their General Objection. Without having seen the purported "doctors [sic] note," Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance. |
| 10. | Doctors [sic] Note by Dr. Tajammul Eshan [sic], M.D. confirming Post Traumatic Epilepsy | Defendants incorporate their General Objection. Without having seen the purported "doctors [sic] note," Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance. |
| 11. | GEICO Insurance Repair Estimate for Subject Vehicle | None at this time |

| 12. | Plaintiff's Medical Bills and Insurance Claim Records | Defendants incorporate their General Objection.   Without knowing what specific "medical bills and insurance claim records" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance. |
|---|---|---|
| 13. | Fianancial Disclosure Statements by Toyota | Defendants incorporate their General Objection.   Assuming Plaintiff is referring to the Local Rule 7.1 Financial Interest Disclosure Statements Defendants filed when they removed the case to this Court, Defendants assert the following objection: Lack of relevance. |
| 14. | Crash Data Retrieval EDR Report of 04/03/1025 for Subject Vehicle VIN# 4T1BF3EK9BU658720 | None at this time |
| 15. | Copy of Deposition of Plaintiff Satyajit Sanyal taken by Defendants [sic] Attorney on 03/27/2015 | Plaintiff has not shown that his intended use of his deposition meets the requirements of Fed. R. Civ. P. 32(a), and would therefore be admissible, and Defendants object on that basis.   Nor has Plaintiff designated any part(s) of the deposition he intends to offer at trial.   Defendants reserve the right to make further objections to the admissibility of all or part of Plaintiff's deposition testimony pursuant to Fed. R. Civ. P. 32(b). |
| 16. | Plaintiff's Memorandum, Statements and Responses Including Opposition to Defendant's [sic] Joint Stipulation of Uncontested Facts | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial |
| 17. | Copies of documents from Case # 1:14-CV-00906-JCC-JFA (Satyajit Sanyal Vs Toyota Motor Corporation) | Lack of relevance, hearsay, lack of foundation, lack of authenticity, prejudicial |
| 18. | Amended Complaint with Exhibits | |
| | Amended Complaint | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial |
| | Exhibit 1: Subject vehicle photographs | Duplicative |
| | Exhibit 2: Commonwealth of Virginia Department of Motor Vehicles Police Crash Report for the subject accident and 911 EMS call reports with FOIA response | Duplicative |

| | | |
|---|---|---|
| | Exhibit 3: Document titled Toyota Operations 2014 | Lack of foundation, lack of authenticity, lack of relevance |
| | Exhibit 4: VIN decode for subject vehicle | Lack of relevance |
| | Exhibit 5: Defendants' and Toyota Motor Corporation's Local Rule 7.1 Financial Interest Disclosure Statements | Lack of relevance, duplicative |
| | Exhibit 6: Document with heading "Public Information on Corporations and their Registered Agents" | Hearsay, lack of foundation, lack of authenticity, lack of relevance |
| 19. | Plaintiff's Responses to Defendant Toyota Motor Sales, U.S.A., Inc.'s Interrogatories | Plaintiff has not designated any particular portion(s) of his discovery responses that he intends to offer at trial, and Defendants are therefore not able to determine whether Plaintiff's intended use of the portion(s) is "allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). Defendants object on that basis. Without this information, Defendants assert the following additional objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. |
| 20. | Plaintiff's Responses to Defendant Toyota Motor Manufacturing Kentucky, Inc.'s Interrogatories | Plaintiff has not designated any particular portion(s) of his discovery responses that he intends to offer at trial, and Defendants are therefore not able to determine whether Plaintiff's intended use of the portion(s) is "allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). Defendants object on that basis. Without this information, Defendants assert the following additional objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. |
| 21. | 2011 Toyota Camry Sales Brochure | Defendants incorporate their General Objection. Without having seen the purported "sales brochure," Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance. |
| 22. | 2011 Toyota Camry Owner's Manual pages | Subject to clarification as to what "pages" Plaintiff intends to offer at trial, none at this time. |

| 23. | Plaintiff's Discharge Report from Reston Hospital Center after Subject Accident | Defendants incorporate their General Objection. Defendants have not been able to locate a document titled "Discharge Report" in the medical records from Reston Hospital Center. Without knowing what specific "discharge report" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance. |
|---|---|---|
| 24. | Defendants [sic] Expert Witness Disclosure | None at this time |
| 25. | Printouts of E-mails [sic] communications on Unintended Acceleration | Defendants incorporate their General Objection. Without having seen the purported "printouts of e-mails [sic] communications on unintended acceleration" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, best evidence. In addition, to the extent that the purported emails may concern or refer to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.*, 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson*, 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| 26. | Plaintiff's Responses to Defendant Toyota Motor Sales, U.S.A., Inc.'s Requests for Production of Documents with Enclosures and Exhibits | |
| | Plaintiff's Responses to Defendant Toyota Motor Sales, U.S.A., Inc.'s Requests for Production of Documents | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial |
| | Documents related to Plaintiff's purchase of subject vehicle | None at this time. |
| | Enclosures for Document 4 (appear to be service and repair records for subject vehicle) | None at this time. |
| | Enclosures for Document 6 (appear to be printouts of Claim Summary from GEICO website and repair records for subject vehicle) | None at this time. |
| | Enclosures for Document 9 (appear to be GEICO repair estimate related to subject accident for subject vehicle) | Duplicative |
| | Enclosures for Document 10 | |
| | Handwritten statement purportedly written and signed by Shabih U. Hasan, M.D. | Hearsay, lack of foundation, lack of authenticity, duplicative |

| | | |
|---|---|---|
| | March 19, 2014 Deferred Prosecution Agreement between the Office of the United States Attorney for the Southern District of New York and Toyota Motor Corporation | Lack of foundation, lack of authenticity, lack of relevance, prejudicial, Fed. R. Evid. 404(b)(1). In addition, to the extent that the March 19, 2014 Deferred Prosecution Agreement concerns or refers to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| | |
|---|---|
| Document that purports to be Justice Department press release regarding the March 19, 2014 Deferred Prosecution Agreement between the Office of the United States Attorney for the Southern District of New York and Toyota Motor Corporation | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial, Fed. R. Evid. 404(b)(1).  In addition, to the extent that the purported press release regarding the March 19, 2014 Deferred Prosecution Agreement concerns or refers to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |

| | | |
|---|---|---|
| | June 17, 2013 Order Regarding Proposed Class Action Settlement entered in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, U.S.D.C. for the Central District of California, Case No. 8:10ML 02151 JVS (FMOx)(relates to economic loss claims) | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial, Fed. R. Evid. 408.  In addition, to the extent that the Order concerns or refers to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.*, 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson*, 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |

| | | Complaint for Damages filed in *Paul Spisto v. Toyota Motor North America, Inc., et al.,* U.S.D.C. for the Central District of California, Case No. CV11-04479 CBM (RZx) and Exhibits | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial.  In addition, to the extent that the Complaint and its exhibits concern or refer to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |
|---|---|---|---|

| | | |
|---|---|---|
| | May 23, 2011 document titled An Examination of the National Highway Traffic Safety Administration and the National Aeronautics and Space Administration Engineering Safety Center Assessment and Technical Evaluation of Toyota Electronic Throttle Control (ETC) Systems and Unintended Acceleration | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. In addition, to the extent that the document concerns or refers to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |
| | Enclosures for Document 11 | |
| | Purported Toyota document concerning 2011 Toyota Camry | Hearsay, lack of foundation, lack of authenticity, lack of relevance |
| | Warranty & Maintenance Guide for 2011 Toyota Camry | None at this time. |
| | Purported excerpts from Owner's Manual for 2011 Toyota Camry | Lack of foundation, lack of authenticity, duplicative |
| | Enclosures for Document 12 (June 12, 2014 correspondence from Plaintiff to Koons Tysons Toyota, Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation regarding the subject accident) | Hearsay, lack of foundation, prejudicial |
| | Enclosures for Document 23 (Commonwealth of Virginia Department of Motor Vehicles Police Crash Report for the subject accident and 911 EMS call reports with FOIA response) | Duplicative |
| | Enclosures for Document 25 | |
| | Subject vehicle photographs | Duplicative |
| | Document that appears to be GEICO repair estimate related to subject accident for subject vehicle | Duplicative |

| | | |
|---|---|---|
| | Document that appears to be printout of Claim Summary from GEICO website and repair records for subject vehicle | Duplicative |
| | Purported excerpt from Owner's Manual for 2011 Toyota Camry | Lack of foundation, lack of authenticity, duplicative |
| | Enclosures for Document 26 | |
| | Photograph of what appears to be VIN plate for subject vehicle | Lack of foundation, lack of authenticity |
| | Printouts of purported email communications | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, best evidence. In addition, to the extent that the purported emails concern or refer to alleged incidents of unintended acceleration other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.*, 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| | | |
|---|---|---|
| | Report Number NCAP-KAR-11-001 | Hearsay, lack of foundation, lack of authenticity, lack of relevance.   In addition, to the extent that the report concerns or refers to testing that is not substantially similar to the circumstances of the subject accident, it will be the subject of a motion *in limine* to exclude, and should be excluded, because it constitute evidence regarding testing that is not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |

| | | |
|---|---|---|
| | January 24, 2013 letter from Jennifer Timian, NHTSA, to Mr. Roger Blandford, Southeast Toyota Distributors, LLC regarding NHTSA Campaign Number 13V-014, and attachments (possibility that passenger seat occupant sensing system calibration may not have been tested) | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial.  In addition, to the extent that the letter and its attachments concern or refer to alleged incidents other than the subject accident, and vehicles other than the subject vehicle, those other alleged incidents and other vehicles will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |

| | October 17, 2013 letter from Abbas Saadat, Toyota Motor Engineering & Manufacturing North America, Inc., to Nancy Lummen Lewis, NHTSA, regarding Defect Information Report to address an issue with the air conditioner radiator assembly | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. In addition, to the extent that the letter and its attachments concern or refer to alleged incidents other than the subject accident, and vehicles other than the subject vehicle, those other alleged incidents and other vehicles will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |
| --- | --- | --- |

| Toyota Technical Service Bulletin 0122-11 (Seat Cover Replacement For Side Airbag Equipped Vehicles) | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. In addition, to the extent that the Technical Service Bulletin concerns or refers to alleged incidents other than the subject accident, and vehicles other than the subject vehicle, those other alleged incidents and other vehicles will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.*, 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson*, 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| | | |
|---|---|---|
| | Purported printouts from Safercar.gov regarding complaints related to 2011 Toyota Camrys | Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial, best evidence. In addition, to the extent that the complaints concern or refer to alleged incidents other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| | | |
|---|---|---|
| | Document titled Air Bag Deployment Criteria | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial. In addition, to the extent that the document concerns or refers to alleged incidents other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |
| 27. | Plaintiff's Responses to Defendant Toyota Motor Manufacturing Kentucky, Inc.'s Requests for Production of Documents with Enclosures and Exhibits | |
| | Plaintiff's Responses to Defendant Toyota Motor Manufacturing Kentucky, Inc.'s Requests for Production of Documents | Hearsay, lack of foundation, lack of authenticity, lack of relevance, prejudicial |
| | Enclosures for Document 1 | |
| | Commonwealth of Virginia Department of Motor Vehicles Police Crash Report for the subject accident and 911 EMS call reports with FOIA response | Duplicative |
| | Records from Fairfax County Fire and Rescue | Duplicative |
| | Enclosures for Document 2 | |
| | Handwritten statement purportedly written and signed by Shabih U. Hasan, M.D. | Hearsay, lack of foundation, lack of authenticity, duplicative |
| | Plaintiff's medical records | Hearsay, lack of foundation, lack of authenticity, lack of relevance |
| | Enclosures for Document 3 (Plaintiff's medical records and medical bills) | Hearsay, lack of foundation, lack of authenticity, lack of relevance, duplicative |

| | Enclosures for Document 5 (Plaintiff's Federal and State tax returns for tax years 2005-2014) | None at this time. |
|---|---|---|
| | Enclosures for Document 9 | |
| | Document that appears to be GEICO repair estimate related to subject accident for subject vehicle | Duplicative |
| | Plaintiff's medical bills | Hearsay, lack of foundation, lack of authenticity, lack of relevance, duplicative |
| | Enclosures for Document 12 | |
| | Two HIPAA Compliant Authorization Forms executed by Plaintiff | Lack of relevance |
| | Toyota Data Imaging Authorization and Consent form executed by Plaintiff | Lack of relevance |
| 28. | Plaintiff's Medical Records | Defendants incorporate their General Objection. Without knowing what specific "medical records" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, lack of foundation, lack of authenticity, lack of relevance, duplicative |
| 29. | Plaintiff's W2 and Income Records | Assuming Plaintiff is referring to Plaintiff's Federal and State tax returns for tax years 2005-2014, which Plaintiff produced in discovery, duplicative. |

| 30. | 2011 Toyota Camry Complaints With NHTSA | Defendants incorporate their General Objection. Without having seen the purported "2011 Toyota Camry complaints With NHTSA" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, duplicative, best evidence. In addition, to the extent that the complaints may concern or refer to alleged incidents other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial. *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962). *See also* Fed. R. Evid. 403. |

| 31. | Unintended Acceleration and Other Toyota Cases Related to Unintended Acceleration Issues | Defendants incorporate their General Objection.  Without having seen the purported "unintended acceleration and other Toyota cases related to unintended acceleration issues" Plaintiff intends to offer at trial, Defendants assert the following objections: Hearsay, hearsay within hearsay, lack of foundation, lack of authenticity, lack of relevance, best evidence.  In addition, to the extent that the "cases" may concern or refer to alleged incidents other than the subject accident, those other alleged incidents will be the subject of a motion *in limine* to exclude, and should be excluded, because they constitute evidence regarding incidents, vehicles and/or testing that are not substantially similar to the subject accident, and/or would be prejudicial.  *See, e.g., A.J. Buck & Son ex rel. Atlantic Mutual Insurance Co. v. Crown Equipment Corp.*, 34 F.3d 1066 (4th Cir. 1994); *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 731 (W.D. Va. 2004); *Musick v. Dorel Juvenile Group, Inc.*, 2011 BL 271733 (W.D. Va. 2011); *Funkhouser v. Ford Motor Co.,* 285 Va. 272, 736 S.E.2d 309 (2013); *Spurlin v. Richardson,* 203 Va. 984, 128 S.E.2d 273 (1962).  *See also* Fed. R. Evid. 403. |

/s/ Joel A. Dewey
Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Manufacturing Kentucky, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of June, 2015, a copy of Defendants'

Objections to Plaintiff's Trial Exhibits was served, first class postage prepaid, on:

> Satyajit Sanyal
> 11654 Plaza America Drive, #622
> Reston, Virginia 20190
>
> *Pro Se Plaintiff*

/s/ Joel A. Dewey
Joel A. Dewey
Virginia Bar # 37319
Paul J. Day (admitted *pro hac vice*)
*Attorneys for Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Manufacturing Kentucky, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.*
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
(410) 580-3001 (facsimile)
*joel.dewey@dlapiper.com*
*paul.day@dlapiper.com*